This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38648

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FREDERICK BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his convictions, after a jury trial of possession of methamphetamine and marijuana, contrary to NMSA 1978, Section 30-31-23(A) (2011, amended 2021); tampering with evidence, contrary to NMSA 1978, Section 30-22-5 (2003); and receiving or transferring a motor vehicle, contrary to NMSA 1978, Section 30-16D-4(A) (2009) as set forth in the district court's judgment and sentence. [2 RP 273-76] In this Court's notice of proposed disposition, we proposed summary affirmance. [CN 6-7] Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant repeats the presentation of the issues and facts asserted and argued in Defendant's docketing statement. [MIO 1-5] Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{3}** Defendant's sufficiency argument now relies on an inconsistency in the testimony of the police officer at trial, and the memorandum in opposition asserts that the officer's "testimony regarding the possession of the backpacks was simply too incredible for the jury to rely on." [MIO 5] According to the memorandum in opposition, the officer admitted on the stand that his testimony at trial, which attributed one of the two backpacks found to Defendant, contradicted his initial reports, when he was unable to determine who owned either backpack at issue, and the police treated them "as abandoned property." [MIO 2-3] We addressed the sufficiency of the evidence in our calendar notice. [CN 6] Again, it was for the jury to resolve any conflicts and determine weight and credibility in the testimony; we do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{4}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{5}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**